United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-11474
_____

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

                    versus

ANTHONY LAWAN THOMAS, also known as
Jock Lamont Thomas,

                                    Defendant - Appellant.
_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-9-ALL
_____

Before JOLLY, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Defendant Thomas conditionally pled guilty to illegal possession of a firearm, reserving the right to appeal the District Court's denial of his motion to suppress evidence. Thomas now appeals that denial and the District Court's imposition of an above-Guidelines sentence. We affirm.

    Thomas alleges no facts to sustain a constitutional violation, regarding either the initial police approach or the subsequent search of his vehicle. Thomas was parked on a private driveway of which he was not the owner, and he gives no account of his relation

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the owner or the purpose of his visit.  See United States v. Phillips, 382 F.3d 489, 495 (5th Cir. 2004).  He does not contradict that his car was clearly visible from the street and the driveway accessible to the public.  See United States v. Hatfield, 333 F.3d 1189, 1194 (10th Cir. 2003); Maisano v. Welcher, 940 F.2d 499, 502 (9th Cir. 1991).  The actual search of Thomas's car was incident to an unchallenged lawful arrest.  The fact that Thomas was already under control of the officers is of no consequence. See New York v. Belton, 453 U.S. 454 (1981); Thornton v. United States, 541 U.S. 615 (2004).

As for Thomas's sentence, although the District Court was silent on what sentence it would impose under advisory Guidelines, its articulated reasons for departing from the Guidelines show beyond a reasonable doubt that the Fanfan error here was harmless. The court held that the suggested criminal history category "significantly under-represents the seriousness of [Thomas's] criminal history and the likelihood that he will commit further crimes."  The District Court catalogued Thomas's past crimes, focusing on the "assaultive pattern of behavior . . . which has lasted the past 17 years" -- aggravated assault, evading arrest, assault with bodily injury, another assault with bodily injury, plus miscellaneous drug offenses.  The District Court then departed according to the policy statement in U.S.S.G. § 4A1.3.  It is therefore clear that the advisory nature of the Sentencing Guidelines would not have affected the District Court's judgment.

Thomas's sentence was reasonable and the upward departure not an abuse of discretion.

Because we affirm the District Court's denial of the motion to suppress, and because we find that any error in sentencing was harmless beyond a reasonable doubt, Thomas's conviction and sentence are

AFFIRMED.